CASE 4.—ACTION BY THE COMMONWEALTH AGAINST THE
CITY OF COVINGTON TO ENFORCE THE PAYMENT
OF A TAX.—January 28.

# Commonwealth v. City of Covington

. Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for defendant, plaintiff appeals — Affirmed.

1. Municipal Corporations — Governmental Powers — Maintaining
   Waterworks System—Statutory Provisions.—Under Ky. Stats.
   1903, sec. 3058, subd. 4, empowering a city of the second class
   to provide the city with water, the city has power to provide
   and maintain a waterworks system.
2. Same—Status—Political Subdivision of State.—A city is but
   the political subdivision of the State, and is given power to
   maintain a waterworks system for the purpose of promoting
   the comfort, health, and safety of its inhabitants as the agent
   of the State.
3. Taxation — Property Used for Public Purpose — City Water-
   works System.—A city waterworks system is of a govern-
   mental and public nature, and is exempt from taxation under
   Const. section 170, providing that there shall be exempt from
   taxation public property used for public purposes.
4. Same.—The fact that water rents are paid by the inhabitants
   using the water does not alter the public character of the
   waterworks system, nor make it subject to taxation.
5. Same—Sale of Water to Inhabitants.—The sale of water by a
   city to its inhabitants is not for private, but for public, pur-
   poses; and the profits therefrom are for the benefit of the
   city, not in its private, but in its public, capacity.
6. Same.—The facts that the reservoir, pumping station, and
   some of the mains of a city waterworks system lie outside
   the municipality and in another county, and that the city
   may incidentally derive some revenue from the use of the

Commonwealth v. City of Covington.

water by persons living outside the city limits, do not alter
the public character of the system, nor make it subject to
taxation.

O'Rear, C. J., and Nunn and Carroll, JJ., dissenting.

JOHN WM. HENVER for appellant.

### CLASSIFICATION.

That the words "public purpose," are used in the same sense
as governmental purposes and that waterworks are owned by
cities in their private capacity and are private property and not
public property.   (Louisville v. Commonwealth, 1 Duv. 295; Lan-
caster v. Clayton, 9 Ky. Law Rep., 611; Commonwealth v. Makib-
ben, Judge 12 Ky. Law Rep., 476; Clark v. Louisville Water Co.,
12 Ky. Law Rep., 312; Debates of the Constitutional Convention.
2382, 2486-87, 2495-96, 2499, 2569, 2628 to 2831, 2752.

That in construing the present Constitution it is proper to
refer to the Debates of the Constitution.   (Cooley Const. Iim.,
7th. Ed., p. 101; Constant v. People 11 Wend, (N. Y.) 511-518;
Clark v. People 26 Wand, (N. Y.) 599-602; State of Louisiana v.
Board of Assessors, 35 La. Ann., 688; Cooley Const. Lim., 7th
Ed.

That the case of Bailey v. The Mayor, 3 Hills, (N. Y.) 531,
was not overruled by later New York cases; and the court was
in error, in the Frankfort case, when it so held.   (Bailey v. The
Mayor, 3 Hills, (N. Y.) 531; Springfield Fire Ins. Co. v. Kleese-
ville 148 N. Y. 46; Dillon Municipal Corporations, p. 27; City
of Owensboro v. Knox's Admr., 25 Ky. Law Rep., 680.)

That waterworks are not public purposes and could not be
supported wholly by taxation, but that a water-rate must be
charged.   (Linn. v. Burgess of Chamberburgh, 160 Pa. St., 511;
Opinion of the Justice 150 Mass. 392, 8 L. R. A., 487; Opinion of
the Justice 155 Mass., 198.)

That water-rates are not taxes; and that the fact that the
profit of surplus of same are used to pay municipal expenses,
do not exempt same from taxation for State purposes.   (Cooley
on Taxation, 3rd Ed. p. 5 and cases cited; Wagner v. Rock
Island, 146 Ills., 139; Preston v. Water Commissioners, 117 Mich,
180; Chodwick et al. v. Maginnes, 94 Pa. St., 117.)

That the construction given to the phrase, public property
used for public purposes prior to the Frankfort case, should be
retained.   (Sutherland Statutory Construction; "Contemporaneous
Construction" section 309.

Commonwealth v. City of Covington.

That to exempt said waterworks from county and district taxation would be equivalent to levying a tax on the people of said county and district for the benefit of the city of Covington And that would be in violation of an essential principle in taxation, "that the levying of the tax must pertain to the district taxed." (Barbour v. Board of Trade, 82 Ky., 653; Lancaster v. Clayton, 9 Ky. Law Rep., 613; Cooley on Taxation, 3rd Ed., p. 225 and 227; Farnham on Waters and Water Rights, 3rd Ed., p. 894; Newport v. Unity, 68 N. H., 587.)

F. J. HANLON, City Solicitor, for Appellee.

PROPOSITIONS DISCUSSED.

1.   Property in controversy is exempt, because the same is public property used for public purposes. (Board of Councilmen of the City of Frankfort v. Commonwealth, 29 Ky. Law Reporter, page 704.)

2.   The fact that the property in controversy is located in a foreign county does not affect the above rule. (Van Brocklin v. Anderson, 117 U. S., p. 151; Wisconsin Central R. Co. v. Price County, 133 U. S., p. 496-514.)

PUBLIC PROPERTY USED FOR PUBLIC PURPOSES.

Maydwell, etc. v. Louisville, 25 Ky. Law Rep. p. 1064; 2nd. Dillion, section 773, page 949; Sumner County Commissioners v. City of Wellington, Kas., 60 L. R. A., 850; Springfield, etc. v. Village of Keysville, 148 N. Y., p. 46; City of Clarksville v. Montgomery Co., 62 S. W. 33, 1901; City of Toledo v. Hosler, 54 O. St., 418; State ex Rel v. Toledo, 48 O. St., p. 112; Town of West Hartford v. Board of Waterworks Commissioners, 44 Conn., p. 361; The State v. John J. Gaffney, Col., 34 New Jersey Law Reports, 131; City of Rochester v. Town of Rush., 80 N Y., 302; Board of Water Commissioners of Detroit v. Auditor General, 115 Mich., p. 546; Board of Councilmen of City of Frankfort v. Commonwealth, 29 Ky. Law Rep., p. 704.)

CITY HAD RIGHT TO SELL WATER.

Overall v. City of Madisonville, 31 Ky. Law Rep., p. 281.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Campbell circuit court sustaining a demurrer to and dismissing the appellant's petition. The action was instituted by the Commonwealth of Kentucky to recover of the appellee, city of Covington, taxes alleged to be due the State, county of Campbell, and Courthouse district of Campbell county. It is alleged in the petition that the city of Covington, which is a city of the second class, situated in Kenton county, is the owner of lands, reservoirs, water mains, pumping stations, engines, etc., situated in Campbell county and used as a water plant or system for supplying water to the inhabitants of the city of Covington and certain citizens of Campbell county residing near its reservoir and water mains; that the assessable value of the property is $785,000; and that at the time of the institution of the action there was due as a tax thereon, for the year 1906, to the Commonwealth, county, and Courthouse district, at the rate of 50 cents to the State, 17 cents to the county, and 6 cents to the Courthouse district on each $100 worth of the property, the aggregate sum, including interest, penalty, and costs, of $6,355.99. The petition sets out the assessment of the property in due form, proper issual of the tax warrant, the action of the sheriff in demanding the tax, failure of appellee to pay it, the levy upon and sale of the property for same, and its purchase by the sheriff for the State, county, and Courthouse district. By the prayer of the petition possession of the property was asked, and, if not to be had, that the property be placed in the hands of a receiver and by him operated, so that the rents and income applied to the

taxes due may be liquidated, or that it be sold to pay them.

The question presented by this appeal is not a new one, and no valid reason is furnished by the brief of appellant's counsel for distinguishing this case from others in which this court has held that such property as is here sought to be taxed cannot be taxed. Its exemption from taxation is specifically provided for by section 170 of the present Constitution, which declares: "There shall be exempt from taxation public property used for public purposes." The power to provide and maintain a waterworks system is conferred upon the city of Covington by section 3058, subsections 4-25, Ky. St. 1903, applicable to cities of the second class. "A municipality is an arm of the State, an 'effluence' from its sovereignty, and is an instrumentality by which the State seeks to give to its citizens the best government possible." City of Owensboro v. Comth., 105 Ky. 344, 49 S. W. 320, 44 L. R. A. 202, 20 Ky. Law Rep. 1282. The city of Covington is but a political subdivision of the State, intrusted with the power to maintain its waterworks for the comfort, health, and safety of its inhabitants. The fact that water rents are paid by the inhabitants of the city using the water does not affect the question. There is nothing connected with the operation of the water works which is not of a governmental and public nature.

We cannot better express our view of the question under consideration than to reiterate what was said by the court in the case of Board of Councilmen of City of Frankfort v. Commonwealth, 94 S. W. 648, 29 Ky. Law Rep. 699, in applying the exemption to electric light bonds owned by the city for public purposes: "It is insisted that a waterworks plant is not public property in the meaning of the Constitution,

and that it is private property, and ought not to be exempt from taxation, because it sells water to the inhabitants of the municipality. The city is authorized to acquire and own waterworks plants, because water is needed for the purpose of flushing sewers of the city and carrying off the material which would accumulate in the city that would cause sickness and produce death. If a city can build sewers at public expense, because they are a public necessity, it would seem that the same necessity exists for acquiring waterworks for the purpose of making the sewer useful and accomplishing the purpose for which they are built. Likewise water is needed by the inhabitants of the town to carry away the effete matter from the various residences to the sewers in the street. The public is just as much interested in carrying such matter from the homes of the citizens as it is in carrying it through the sewers of the city after it reaches them. The same necessity rests upon the city to see the inhabitants are supplied with water for that purpose as it is to see that a sewer is constructed for the purpose of carrying the matter away after it has flowed into them. In the first instance it is the duty of the Commonwealth to look after the public health of the citizens. It has made the municipality its agent for that purpose. In some instances the State requires the cities to maintain boards of public health at their own expense. If a smallpox epidemic breaks out in a municipality, the expenses are not paid by the State, but by the municipality, the agency which the State has selected to perform a public duty which it owes to the citizens. In City of Newport v. Commonwealth, 106 Ky. 434, 21 Ky. Law Rep. 1591, 50 S. W. 433, it seems to have based the decision in part upon the fact that the city, while operating the waterworks'

for the convenience of its people, makes charges against them for furnishing them with water, and Bailey v. New York, 3 Hill (N. Y.) 531, 38 Am. Dec. 669, is cited in support of that conclusion. The water is not sold for private purposes, but for public purposes. It is not sold to make a profit for the benefit of the city in its private capacity, but for public purposes as above stated. The New York court subsequently failed to follow Bailey v. New York, and said (Springfield Fire & Marine Ins. Co. v. Keeseville, 148 N. Y. 57, 42 N. E. 408, 30 L. R. A. 660, 51 Am. St. Rep. 667) that: ''The imposition of water rents is but a mode of taxation, and a part of the general scheme for the purpose of raising revenue with which to carry on the work of government, and that, if any profits accrue over the expense of maintaining the system, they go for the benefit of the public.''

The same exemption has been applied by this court to a public park owned and maintained by a city. Owensboro v. Comth., 105 Ky. 344, 49 S. W. 320, 44 L. R. A. 202, 20 Ky. Law Rep. 1282. The fact that appellee's reservoir, pumping station, and some of its mains lie outside of the municipality and in another county, or that it may incidentally derive some revenue from the use of the water by persons living near its mains and outside of the city limits, cannot affect the question. Very few cities have such property situated within their corporate limits, and in many instances it has been found necessary to locate it miles away. The test is: Is the property used for public purposes; that is, primarily for the health, comfort, and welfare of the inhabitants of the city? If so, it is exempt from taxation. We do not mean that a city may enter upon the business of maintaining a waterworks system for other cities or towns,

but only that the fact that it incidentally furnishes water to a considerable number of persons in proximity to the city, without injury to the rights of the inhabitants of the city, does not alter the public character or use of the property, or make it subject to taxation.

The judgment of the lower court being in accord with the conclusions herein expressed, it is hereby affirmed.

O'REAR, C. J., and NUNN and CARROLL, JJ., dissent. Petition for rehearing by appellant overruled.