## District of Highlands v. City of Covington.

(Decided May 21, 1915.)

Appeal from Campbell Circuit Court.

Taxation—City Waterworks System—Exemption.—Where a waterworks system is owned and operated by a city for the benefit of its inhabitants and the net income therefrom is applied solely to public purposes, it is exempt from taxation under Constitution, Section 170, providing that public property used for public purposes shall be exempt from taxation, although the municipality also furnishes water to neighboring towns and their inhabitants in large numbers.

KELLY & REGENSTEIN for appellant.

FREDERICK W. SCHMITZ for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The question on this appeal is whether or not that portion of the waterworks plant of the City of Covington, located in the district of Highlands, is exempt from taxation by that district under Section 170 of the Constitution, exempting "public property used for public purposes."

The district of Highlands is a rural municipality with a population of about 5,000. It is located in Campbell County on the hills along the Ohio river. The territory which it embraces is about four miles long and one and one-half miles wide. The City of Covington owns and operates a waterworks plant, which is situated partly within its corporate limits in Kenton County and partly within the boundary of the district of Highlands. The water mains of the plant pass out of the corporate limits of the City of Covington, across the Licking River, into the City of Newport, and thence through Newport and Campbell County in an easterly direction for a distance of about four miles to the reservoir

property, located in the district of Highlands. The reservoir property consists of about forty acres of land. With the necessary pumping machinery to force the water from the Ohio river into the various reservoirs, together with water mains, houses, residences for employees and other improvements of the cash value of about $670,000.00, the entire plant cost $1,200,000.00. In addition to supplying the City of Covington with water, the waterworks plant is also used to supply water to private consumers along the line of its mains in Campbell County and also to the cities of Dayton, Bellevue, Ludlow and West Covington and their inhabitants, and to the district of Highlands and its inhabitants. It further appears that the City of Covington has about 54,000 inhabitants, while the neighboring cities, to which water is furnished, have about 25,000 inhabitants. The water so furnished to neighboring towns, cities and other municipalities and individuals has been furnished since 1910 under express legislative authority. Section 3058, sub-section 4, Kentucky Statutes (1915). Section 3104, Kentucky Statutes (1915), provides that the net revenue derived by any city of the second class from its waterworks shall be applied exclusively to the reimprovement or reconstruction of the streets and the other public ways of the city. In this connection the district of Highlands is seeking to tax, for the years 1909 to 1913, inclusive, that portion of the waterworks plant located in said district. The trial court held the property exempt and the district of Highlands appeals.

It is true that in the case of City of Covington v. Commonwealth, 107 Ky., 680, decided in the year 1897, it was held that Covington's waterworks plant was subject to state and county taxes in Campbell County. It is also true that in the case of City of Covington v. District of Highlands, 113 Ky., 612, decided in the year 1902, it was held that the same property was taxable by the district of Highlands, for the years 1899, 1900 and 1901. But after those opinions were rendered, the question what was public property used for public purposes, was carefully considered and elaborately treated in the case of Board of Councilmen of the City of Frankfort v. Commonwealth, 29 Ky. Law Rep., 699, 94 S. W., 648. There the City of Frankfort had sold its gas plant for certain bonds. The bonds were used to aid the city in furnishing lights and for no other pur-

pose. It was held that the bonds were not subject to taxation for county and state purposes. In other words, the court laid down the general rule that where the income from property was devoted solely for public purposes, the property itself was not subject to taxation. Furthermore, the cases of City of Covington v. Commonwealth and City of Covington v. District of Highlands, *supra,* were overruled. The doctrine announced in that case was subsequently followed in Commonwealth v. City of Covington, 107 S. W., 231, 32 Ky. Law Rep., 837, and in Commonwealth v. City of Newport, 107 S. W., 232, 32 Ky. Law Rep., 820, in each of which cases it was held that a waterworks system, owned and operated by a city for the purpose of promoting the health, comfort and happiness of its inhabitants, was public property used for public purposes and, therefore, exempt from taxation. The same rule was followed in Commonwealth v. City of Covington, 128 Ky., 39, where the court said:

"The test is: Is the property used for public purposes; that is, primarily for the health, comfort and welfare of the inhabitants of the city? If so, it is exempt from taxation. We do not mean that a city may enter upon the business of maintaining a waterworks system for other cities or towns, but only that the fact that it incidentally furnishes water to a considerable number of persons in proximity to the city, without injury to the rights of the inhabitants of the city, does not alter the public character or use of the property, or make it subject to taxation."

About the same time there came to this court the case of the City of Covington v. District of Highlands, 33 Ky. Law Rep., 323, in which the district of Highlands sought to tax the same property involved in this action for the year 1906. The property was held exempt from taxation. We are asked to reconsider that opinion and change the view therein announced, because the facts are not very fully considered by the court but are fully presented in this case. The argument is made that as the City of Covington is now engaged in supplying water to adjoining municipalities, with a population almost one-half as large as that of the City of Covington, and as the effect of this is to require a larger acreage of ground for the reservoir and machinery than would be required to furnish water to the inhabitants of Covington, the plant to that extent is not public property

used for public purposes. In reply to this contention it is sufficient to say that the City of Covington is not engaged in an independent commercial enterprise of furnishing water to neighboring towns and cities. The main purpose of the waterworks system is to supply itself and its own inhabitants with water. The fact that it furnishes water to neighboring towns and to the inhabitants thereof in such large numbers, does not affect the public character of the enterprise. As a matter of fact, not only the property is used for public purposes, but the net income therefrom must be and is applied to public purposes. The case cannot be distinguished in principle from that of Board of Councilmen of the City of Frankfort v. Commonwealth, *supra.* There the bonds were exempt from taxation because the income therefrom was applied to furnishing lights for the city. For like reason, the waterworks plant owned by the City of Covington is also exempt, where all the income therefrom is applied solely to public purposes. We see no reason, therefore, to depart from the rule laid down in the case of the City of Covington v. District of Highlands, *supra,* where, upon practically the same facts, the property herein involved was held exempt from taxation.

Judgment affirmed.