## CITY OF DALLAS v. STATE.

### No. 12275.

Court of Civil Appeals of Texas. Fort Worth.
March 1, 1930.

Rehearing Denied April 5, 1930.

938

J. J. Collins, H. P. Kucera, A. A. Long, and W. H. Knight, all of Dallas, and Sullivan, Speer & Minor, of Denton, for appellant.

Cantey, Hanger & McMahon and Warren Scarborough, all of Fort Worth, and Robert H. Hopkins and Brent C. Jackson, both of Denton, for appellee.

BUCK, J.

The state of Texas filed suit in the district court of Denton county against the city of Dallas, Dallas county, for the taxes alleged to be due the state and the county of Denton, as well as taxes alleged to be due road district No. 3 of Denton county and the taxes due to the school district No. 53 in said county. Taxes were sued for for the years 1925, 1926, 1927, and 1928, and other years prior thereto, for which it was alleged taxes had not been paid. These taxes alleged to be due were on the reservoir site of the Dallas reservoir, situated in Denton county. The defendant answered by a plea in abatement, inasmuch as it was alleged to have been pleaded that other parties who were owners of some of this property, purchased by the city of Dallas in preparing for the reservoir, had not been made parties to this suit, and that no good effort had been made by plaintiff to make such former owners parties to this suit.

An exception was made to a portion of plaintiff's petition, since it was alleged that it affirmatively appeared therefrom that the plaintiff is seeking to enforce the payment of the taxes alleged to be assessed against many different pieces of property alleged to be owned by the city of Dallas, because: (a) Under the statutes governing the collection of delinquent taxes such suit is not authorized to include that number of pieces of property in one suit. An exception was also taken to that part of plaintiff's petition wherein it sought collection of taxes accruing prior to 1909, because the plaintiff is not authorized to collect by suit or otherwise taxes accruing prior to the year 1909, as provided by article 7326, Rev. Civ. Statutes of 1925.

Defendant further pleaded that by the Acts of the 38th Legislature (1923), c. 18, and under article 11, § 5(c) of the Charter of the City of Dallas, said city is authorized and empowered to own and operate a waterworks system for the purpose of supplying its inhabitants with water for fire protection, domestic consumption, or other uses, and as such the city of Dallas may by purchase, gift, or devise, or by the exercise of the right of eminent domain by and through condemnation proceedings, acquire and own in fee simple public or private lands and property, including riparian rights within the city limits, or without the city limits, or within any county within this state. That acting in pursuance of the powers granted to the city of Dallas, said city did on the 11th day of January, 1924, make a presentation to the state board of water engineers, in accordance with the provisions of the general laws, and in such presentation it sought priority rights for the purpose of creating, acquiring, and constructing water reservoirs, and in such presentation it listed the location of Lake Dallas at Elm Fork dam about two miles east of the town of Garza, in Denton county. It further alleged that the mayor and board of commissioners of the city of Dallas complied with the formal requisites necessary for it to acquire such reservoir site.

The cause was tried before the court without the intervention of a jury, and judgment was rendered that the plea of abatement be overruled, and also the general demurrer to plaintiff's petition, and that plaintiff have and recover a judgment against the defendant in the sum of $29,029.23, with interest at 6 per cent. from February 19, 1929. From this judgment the defendant has appealed.

Opinion.

The contention of plaintiff below is that, where a city or municipality acquires a reservoir site for the purpose of furnishing water to its inhabitants, such site is not exempt from taxes, especially where the reservoir is situated in a county other than that of the domicile of such municipality. The contention of appellant is that all property used solely for public purposes and owned by a city is exempt from taxation.

Article 8, § 1, of the state Constitution, provides: "Taxation shall be equal and uniform. All property in this state, whether owned by natural persons or corporations, other than municipal [italics ours], shall be taxed in proportion to its value."

In Galveston Wharf Co. v. City of Galveston, 63 Tex. 14, suit was brought by the Galveston Wharf Company, a corporation against the city of Galveston, to enjoin the sale of certain property advertised for sale for the payment of taxes to the city of Galveston from the wharf company, so far as the taxes were assessed on the one-third interest in certain wharf property in possession of the company, under compromise between the city and company, confirmed by the Legislature, on the ground that the said interest is the property of the city in trust for its present and future inhabitants, and is used only for public purposes, and not taxable by the Constitution and laws of the state. An injunction was granted

against the enforcement of the tax by the district judge of Harris county, in the absence of the district judge of Galveston county. On the trial of the case before the latter, the injunction was dissolved and the suit dismissed. The court held that the power to alienate one-third of the wharf company property, which was reserved to the city in said decree, is inconsistent with any other relation to the one-third interest than that of ownership by the city. Said decree clothed the wharf company with a power to be exercised in the management of said one-third interest, through a directory to be selected, in which the city of Galveston is to be represented as provided by said decree. That section I, article 8, of the state Constitution, should not be construed to subject all property not specified to taxation; that section simply indicates the character of things and the uses to which they must be appropriated in order to entitle them to exemption. That, in the absence of any statute controlling the subject, such property as a municipal corporation owns and uses for public purposes is not affected by general laws regulating taxation. That an injunction was properly issued to restrain the city of Galveston from collecting taxes on its interest in the property of the Galveston Wharf Company, and the Supreme Court, in an opinion by Justice Stayton, held that the trial court erred in dissolving the injunction.

In Corporation of San Felipe De Austin v. State, 111 Tex. 108, 229 S. W. 845, 846, an effort was made to subject to taxation land belonging to the municipality of San Felipe De Austin, granted that town by the Mexican government in 1824 for the use of its inhabitants for timber and grazing lands and confirmed by acts of Congress of the Republic in 1837, and is still so used by its inhabitants. The court held that the land was not subject to taxation. In an opinion by Chief Justice Phillips the court said:

"There can be no warrant for denying those rights in this land. They are entitled to be preserved in their full integrity as given by the original grant of the Mexican government and as confirmed by successive acts of the Congress of the Republic. Under the rights of that grant as so confirmed the land was exempt from taxation as public land of the municipality devoted to a public use. The character of the land has undergone no change, and it is therefore still exempt.

"The appropriation of large areas for grazing and timber purposes is of course unknown in the establishment of municipalities in this day, but it was common in the creation of the early Texas towns chartered by the Spanish and Mexican governments. Those lands were as fully impressed with a public use and devoted to a public purpose as are the parks and public grounds of the cities of this time. It was merely a different habit in the people, a different environment * * * which led to their dedication to the particular use. It was none the less a public use, and as valuable to the people of those towns as are the public grounds of present-day municipalities to their inhabitants.

"There can be no doubt that the purpose of the acts of the Congress was to confirm to the municipality the full right to this land as public land, to be so held by it so long as it might see fit to devote the land to public uses for the benefit of its inhabitants. The land had that character under the Mexican grant; and the character it then possessed entered into the title confirmed by the acts of the Congress. Those acts still remain in full force. The original public use of the land * * * has continued the land's original public character."

In the case of Bexar-Medina-Atascosa Counties Water Imp. Dist. No. 1 v. State (Tex. Civ. App.) 21 S.W.(2d) 747, 749, writ of error refused by the Supreme Court, opinion by Chief Justice Fly, the court held that the property of the water improvement district, organized under article 3, § 52, as amended in 1904, and article 16, § 59, as amended in 1917, was exempt from taxation under article 8, § 2, of the Constitution, and article 7150, § 4, Rev. Civ. Statutes of 1925, as such districts were political divisions of the state. Article 16, § 59, amendment to the Constitution in 1917, reads: "The conservation and development of all of the natural resources of this state, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forest, water and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the state are each and all hereby declared public rights and duties; and the legislature shall pass all such laws as may be appropriate thereto."

The court said:

"The question herein considered has never been directly before any Texas court before, although numerous opinions have treated water improvement districts as state agencies and political divisions of the state. The Attorney General's department of the state, in two instances at least, has answered questions involving the issue in this case, and in each instance held that such agencies were not subject to taxation. The first of the questions was answered while Hon. C. M. Cureton, now Chief Justice of the Supreme Court, was Attorney General, and the last was answered during the administration of Hon. Claude Pollard, Attorney General of Texas. The decisions of that department, while not con-

940

clusive, are quite persuasive, especially when so strongly fortified by the Constitution and statutes.

"The judgment is reversed, and judgment here rendered that appellee, the state of Texas, take nothing by this suit and pay all costs," etc.

Article 11, § 9, of the Texas Constitution, provides: "The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor, fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public, shall be exempt from forced sale and from taxation; provided, nothing herein shall prevent the enforcement of the vendor's lien, the mechanic's or builder's lien, or other liens now existing."

In 37 Cyc, p. 874, it is said: "While in the absence of constitutional prohibition a state may tax the property of its municipal corporations, or a municipality having general powers of taxation may tax its own property, an intention to tax such property of a municipality as is devoted to public or governmental purposes will not be implied, but on the contrary such property will be held to be exempt unless an intention to include it is clearly manifested. Lands, buildings, and other property owned by municipal corporations and appropriated to public uses are but the means and instrumentalities used for governmental purposes, and consequently they are exempt from taxation, either by express constitutional or statutory provision or else by necessary implication."

As supporting the contention of appellee that where a water reservoir is owned by a town or city, for the use of its citizenship, but is located outside of the county of the city's domicile, it is taxable, several cases are cited, one of which is Sanitary District v. Martin, 173 Ill. 243, 50 N. E. 201, 64 Am. St. Rep. 110, by the Illinois Supreme Court. It was held that outlying land belonging to a sanitary district, which can be used only for drainage by the inhabitants of the district, is not exempt from taxation, under the statutes and Constitution of Illinois. To the same effect is the case of Town of Newport v. Town of Unity, 68 N. H. 587, 44 A. 704, 73 Am. St. Rep. 626, by the Supreme Court of New Hampshire. The Constitution of Illinois provides that the property of municipal corporations is subject to taxation unless there is a law exempting it. It is possible that the same condition exists in the state of New Hampshire.

■ It is contended by appellee that, in determining whether or not the Dallas reservoir is used for public purposes, the viewpoint of the state of Texas and of the county of Denton should be accepted rather than the viewpoint of the citizenship of Dallas. But in the

case of San Felipe De Austin v. State, supra, the Supreme Court decided the question there involved on the use to which the land was devoted by the citizenship of San Felipe De Austin and not the viewpoint of the state, or the viewpoint of the citizenship of the county of Austin living outside of the corporate limits of said city.

■ We recognize the rule to be that, in the absence of constitutional inhibition, a state may tax the property of its municipal corporations, and that no presumption shall be indulged in favor of an exemption from taxation. 37 Cyc. p. 874; 26 R. C. L. 302, § 266, and other authorities. But we believe that under the authorities of this state, some of which we have cited, the reservoir used for the public purpose of furnishing water to the citizens of Dallas, although situated in another county, is exempt from taxation.

The state of Kentucky seems to have had some difficulty in deciding the question herein involved. In the case of City of Covington v. Commonwealth, 107 Ky. 680, 39 S. W. 836, and City of Covington v. District of Highlands, 113 Ky. 612, 68 S. W. 669, and other cases, the court of final jurisdiction in that state held that property, such as a reservoir, owned by a municipality, but located in another county, was subject to taxation. In Commonwealth v. City of Covington, 128 Ky. 36, 107 S. W. 231, 14 L. R. A. (N. S.) 1214; Commonwealth v. Lebanon Water Works, 130 Ky. 61, 112 S. W. 1128, 20 L. R. A. (N. S.) 224, and City of Covington v. District of Highlands, 110 S. W. 338, the Court of Appeals of Kentucky held by a divided vote, four to three, that a waterworks system owned and operated by a city for the benefit of its inhabitants, but located in another county than that of the domicile of the city, is public property used for public purposes and exempt from taxation. In District of Highlands v. City of Covington, 164 Ky. 815, 176 S. W. 192, by the Court of Appeals, it was held by a unanimous vote of the judges that the reservoir located in another county than that of the domicile of the city owning it and used for public purposes was exempt from taxation. This rule seems to have been followed by the Kentucky court since that time.

The following authorities hold that city waterworks located outside of the limits of the city or in another county than that of the domicile of the city are exempt from taxation: State Board of Chosen Freeholders of County of Camden v. Washington Tp., 60 N. J. Law, 367, 37 A. 623; City of Augusta v. Augusta Water Dist., 101 Me. 148, 63 A. 663; City of Colorado Springs v. Board of Com'rs of Fremont County, 36 Colo. 231, 84 P. 1113; Town of West Hartford v. Board of Water Commissioners of City of Hartford, 44 Conn. 360; Miller v. City of Fitchburg, 180 Mass. 32, 61 N. E. 277; Board of Water Commis-

sioners of Detroit v. Auditor General, 115 Mich. 546, 73 N. W. 801; Stiles, Tax Collector, v. Village of Newport, 76 Vt. 154, 56 A. 662.

We conclude that the reservoir site of the city of Dallas should be held exempt from taxation, but that the city of Dallas should be held liable for all taxes due on lands occupied by the reservoir prior to January 1, 1925. Therefore, the judgment of the trial court will be reformed so as to adjudge taxes due prior to January 1, 1925, against the city, which taxes are as follows:

| | |
|---|---|
| 1908 | $ 8.96 |
| 1909 | 11.54 |
| 1910 | 9.96 |
| 1911 | 8.00 |
| 1912 | 8.28 |
| 1913 | 4.24 |
| 1914 | 4.61 |
| 1915 | 10.84 |
| 1916 | 13.52 |
| 1917 | 7.31 |
| 1918 | 16.28 |
| 1919 | 18.89 |
| 1920 | 17.62 |
| 1921 | 16.38 |
| 1922 | 19.68 |
| 1923 | 11.91 |
| 1924 | 18.95 |

All of which aggregates the sum of $206.97. Judgment will therefore be adjudged against the city of Dallas for taxes amounting to $206.97. The city of Dallas is held exempt for all taxes subsequent to January 1, 1925.

The costs of this appeal will be adjudged against appellee.

We wish to thank counsel for both appellant and appellee for their able briefs presented.

Judgment reformed and affirmed.