

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXIXXXXXXXXXXN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-1538
Re: May the waterworks plant of
the City of Corpus Christi
be taxed by the Calallen
Independent School District.

We are in receipt of your letter of October 2, 1939, which reads
in part as follows:

"The waterworks of the City of Corpus Christi are located in the
Calallen Independent School District. Can this plant be
evaluated and assessed for school taxes? The City of Corpus
Christi assessed the Calallen Independent School District for
taxes on a lot owned by that district which was located in the
Corpus Christi city limits."

You request an opinion of this department as to whether or not
the Corpus Christi waterworks plant is subject to being taxed by
the Calallen Independent School District. In answering your
question, the fact that the City of Corpus Christi has assessed
for taxation a lot owned by the Calallen Independent School
District is irrelevant and immaterial. Your question will be
answered on the basis of the authority of said school district
to tax the property in question.

There are three sections of our Constitution which are important
to note in discussing the problem presented here.

"Article VIII, Section 1. Taxation shall be equal and uniform.
All property in this State, whether owned by natural persons or
corporations, <u>other than municipal</u>, shall be taxed in proportion
to its value, which shall be ascertained as may be provided by
law.* * *

"Article VIII, Section 2.*** but the Legislature may, by general
laws, exempt from taxation public property used for public
purposes * * *

"Article XI, Section 9. The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders line, or other liens now existing "

In accordance with the authority vested in the Legislature by Article VIII, Section 2, Article 7150 of the Revised Civil Statutes of 1925 was enacted. Article 7150 reads in part as follows:

"The following property shall be exempt from taxation, to-wit:

"4. Public property. --All property, whether real or personal, belonging exclusively to this State, or any political sub-division thereof, ***"

It is evident from the above cited Constitutional provisions and statute that property of a municipal corporation such as Corpus Christi, which is used for a public purpose, is exempt from taxation. Our only question here, then, is whether or not the waterworks plant operated by the City of Corpus Christi is property which is being used by said city for a public purpose. A similar question has confronted the courts of this State on several accasions.

The city of Dallas owned some property which was located in Denton County. This property was used as a reservoir by the city to furnish water to the citizens of said city. The State of Texas tried to collect taxes from the city of Dallas on said property. The Fort Worth Court of Civil Appeals, in the case of City of Dallas vs. State, 28 S.W. (2d) 937, cited Art. 8, Sec. 1, of the Constitution of Texas and held the property to be tax exempt. The court stated as follows:

"But we believe that under the authorities of this State, some of which we have cited, the reservoir used for the public purposes of furnishing water to the citizens of Dallas, although situated in another county, is exempt from taxation."

Writ of error was refused by the Supreme Court in this case.

In the case of City of Abilene vs. State, 113, S.W. (2d) 631, the Eastland Court of Civil Appeals held that certain property owned by the City of Abilene, which was bought by said city for the purpose of erecting a reservoir for impounding water for the use

of the inhabitants of said city, was exempt from taxation.
The court quoted Article XI, Section 9, of our Constitution,
and Article VIII, Section 2, of the Constitution, as well as
Article 7150, supra. In holding the property of this municipal
corporation to be tax exempt, the court stated as follows:

"Counties, cities and towns are municipal corporations. Conat.
Art. 11. They are political subdivisions of the state. Id.
Corporation of San Felipe De Austin v. State of Texas, 111 Tex.
108, 229 S.W. 845. Property owned and held by counties, cities,
and towns is public property, subject to taxation or exemption,
according to the conditions or circumstances prescribed by the
Constitution and laws of the state. That the property in
question is public property was determined in City of Dallas v.
State, Tex. Civ. App. 28 S.W. (2d) 937. The Legislature by
general law has provided that 'All property, whether real or
personal, belonging exclusively to this State, or any political
subdivision thereof' shall be exempt from taxation. (Italics
ours.) R.S. 1925, art. 7150. The terms of this statutory
exemption undoubtedly include the property in question." Writ
of error was dismissed by the Supreme Court in this.

In 1938 suit was brought by the San Antonio Independent School
District against the City of San Antonio to collect taxes from
said City on the property of its waterworks plant located in
said school district. The Beaumont Court of Civil Appeals in
the case of San Antonio Independent School District vs. Water
Works Board of Trustees, et al 120 S.W. (2d) 861, held this
property to be tax exempt. The court cited Article VIII,
Section 2, of the Texas Constitution, and Article 7150 of
Vernon's Annotated Civil Statutes. Writ of error was also
refused in this case by the Supreme Court.

On August 17, 1931, Honorable F. O. McKinsey, Assistant Attorney
General, wrote an opinion addressed to Honorable Omar T.
Burleson, County Attorney, Jones County, which was adopted as
a conference opinion by Attorney General James V. Allred, and
which held, among other things, that the property of a municiapl
corporation which was being used for a public purpose, was
exempt from taxation under Section 9 of Article XI of our
Constitution, Article VIII, Section 2 of the Constitution and
Article 7150 of the Revised Civil Statutes. There can be no
question but that, on this point, the opinion referred to is
correct.

You are therefore advised that the waterworks plant of the City
of Corpus Christi, which is located in the Independent School

District of Calallen, is exempt from taxation by said school district.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS

                         s/ Billy Goldberg

                         By
                                   Billy Goldberg
                                      Assistant

BG:LW/cg


APPROVED DECEMBER 5, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE
By BWB, Chairman