O
P
Y
opy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Opinion No. O-4956
Re: Cancellation of delinquent
ad valorem taxes upon pur-
chase of property by municipal
corporation.

Dear Sir:

By your letter of October 30, 1942, you request
the opinion of this department in answer to the following
question: Where a political subdivision of this State pur-
chases property for public use upon which property there
are delinquent ad valorem taxes, are such taxes cancelled
by such purchase?

The Constitution, Article 8, Sec. 2, authorizes
the Legislature to exempt from taxation, property owned by
political subdivisions of this State and devoted to public
purposes. This Constitutional provision has been carried
into effect by Article 7150, R. C. S., which specifically
exempts from taxation all property of political subdivisions
used for public purposes. Neither the constitution nor the
statutes, however, release or authorize the release or can-
cellation of ad valorem taxes which have accrued prior to
the date on which such property is, by such political sub-
division, devoted to public use.

Such is the holding in the case of City of Dallas
v. State, 28 S. W. (2d) 937, in which writ of error was
refused by the Supreme Court. In that case the court had
before it the question of whether or not the City of Dallas

Hon. C. J. Wilde - page 2

was liable for ad valorem taxes which had accrued on property purchased by the said city, prior to the date of its purchase for public use. The land in question was acquired by the city and devoted to public use in February, 1924. In holding the City of Dallas liable for such taxes the Court said:

"We conclude that the reservoir site of the city of Dallas should be held exempt from taxation but that the city of Dallas should be held liable for all taxes due on land occupied by the reservoir prior to January 1, 1925."

We answer your question in the negative, and hold that where a political subdivision acquires property for public use, (though such property is thereafter, during the time it is devoted to such public use, exempt from taxation) the political subdivision so acquiring it is liable for delinquent ad valorem taxes which have accrued thereon prior to the date on which such property is devoted to the public use.

Trusting that the above has fully answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

(s) Fowler Roberts
Assistant

APPROVED NOV 14, 1942
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN

ld      iw

G. P. B.