

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. A. Miller
County Attorney
Newton County
Newton, Texas

Dear Sir:

Opinion No. O-5273
Re: Whether the Light and Water
System owned by the City of
Newton is exempt from ad
valorem taxes.

By your letter of May 1, 1943, you submit for the opinion of this Department the question of whether or not the Light and Water system belonging to the town of Newton is exempt under Article 7150 Vernon's Civil Statutes from ad valorem taxes.

We are assuming that the town of Newton is only furnishing light and water to its own inhabitants, and has not extended its light and water service into other towns or villages.

Our State Constitution provides, in part, as follows:

"Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value,. . . . " Article VIII, Sec. 1, Constitution.

". . . . but the Legislature may, by general laws, exempt from taxation public property used for public purposes. . . ." Article VIII, Sec. 2. Constitution.

The Legislature, in pursuance of the authority vested in it by Article VIII, Section 2 (supra) enacted Article 7150 of the

Honorable A. A. Miller, Page 2


Revised Civil Statutes of 1925, which reads in part as follows:

"The following property shall be exempt from taxation, to-wit:

". . . .

"4. Public property. All property, whether real or personal, belonging exclusively to this State, or any political sub-division thereof, . . . ."

The town of Newton is a political sub-division of the State, and under the above cited Constitutional provisions and Article 7150 R. C. S., all property, both real and personal belonging to it that is used for public purposes is exempt from taxation. The only question to be determined is whether the light and water system of the town of Newton is public property used for a public purpose.

It is our opinion, that the light and water system of the town of Newton is public property used for public purposes and therefore exempt from the payment of ad valorem taxes. We base our opinion upon the following authorities.

A reservoir located in Denton County, owned by the City of Dallas and used by the City to furnish water to its citizens was held to be tax exempt. City of Dallas v. State, 28 SW (2nd) 937 (Writ refused).

In the case of City of Abilene vs. State, 113 SW (2nd) 631 (Writ dismissed) the Eastland Court of Civil Appeals held that certain property owned by the City of Abilene, which was bought by said city for the purpose of erecting a reservoir for impounding water for the use of the inhabitants of said city, was exempt from taxation. The court quoted Article VIII, Section 2, of the Constitution, as well as Article 7150, supra. In holding the property of this municipal corporation to be tax exempt, the court spoke as follows:

"Counties, cities and towns are municipal corporations. Const. Article 11. They are political subdivisions of the State. Id. Corporation of San Felipe De Austin v. State of Texas, 111 Tex. 108, 229 S. W. 845. Property owned and held by counties, cities and towns is public property, subject

Honorable A. A. Miller, Page 3.

to taxation or exemption, according to the conditions or circumstances prescribed by the Constitution and laws of the State. That the property in question is public property was determined in City of Dallas v. State, Tex. Civ. App. 28 S. W. (2d) 937. The Legislature by general law has provided that 'All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof' shall be exempt from taxation. (Italics ours). R. S. 1925, art. 7150. The terms of this statutory exemption undoubtedly include the property in question."

Article VIII, Sec. 1, of the Constitution only authorized the Legislature to exempt from taxation public property that is used for public purposes. While Article 7150(supra) declared all property, whether real or personal, belonging exclusively to the State or any political subdivision thereof to be tax exempt. The Legislature in enacting Art. 7150, exceeded its Constitutional authority, in that it did not limit the exemption to public property that is used for public purposes. The Court in City of Abilene vs. State (supra) in discussing this matter, used the following language:

"(16) It is quite apparent that the exemption declared in said R. S. 1925, art. 7150, is more comprehensive than the power which the Legislature possessed. The purport of the statute is broad enough to exempt public property regardless of its use. This the Legislature was expressly denied the power to do. But it does not follow, we think, that the statute is for that reason wholly inoperative. We see no reason why it may not be operative, as an exercise of all the power the Legislature had, to declare the exemption. The declared exemption includes public property used for public purposes and to that extent, we think, the statute valid and operative."

The water works plant of the city of San Antonio was held to be exempt from taxation. San Antonio Ind. Sch. Dist. vs. Water Works Board of Trustees et al., 120 SW (2d) 861 (Writ refused).

Honorable A. ". Miller, Page 4.

Also, see the case of State vs. City of Houston 140 S" (2d) 277 (Writ refused).

The above cases deal with water plants and water reservoirs, while the property under consideration is a water and light system. We find no reason to make a distinction between water plants and light plants or other essential utilities.

We are also of the opinion that the light and water system of the town of Newton is exempt from taxation by virtue of Const. art. 11, Sec. 9, which reads as follows:

"The property of counties, cities and towns, owned and held only for public purposes, . . . and all other property devoted exclusively to the use and benefit of the public shall be exempt from . . . taxation."

Trusting that the foregoing fully answers your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _W. V. Geppert_

W. V. Geppert
Assistant

APPROVED MAY 13, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

WVG:pm



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN