

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 10, 1963

Mr. Alwin E. Pape
County Attorney
Guadalupe County
Seguin, Texas

Opinion No. C-92

Re: Whether certain land in
Guadalupe County owned by
City of San Antonio, and
certain improvements thereon
and certain personal proper-
ties located thereon are
exempt from ad valorem
taxes.

Dear Mr. Pape:

You have asked the opinion of the Attorney General on
the question of whether certain real and personal property in
your county is exempt from ad valorem taxes.

The real property was purchased in 1942 by the City of
San Antonio as a site for an electric generating plant and is
still held by the City for this purpose. It consists of two
tracts aggregating about 50.42 acres and a permanent easement
upon an adjoining strip. The land is leased for grazing and
agricultural purposes for the annual consideration of $140.00,
and this lease is subject to cancellation upon 60 days' notice.
A clubhouse, boat docks and some other improvements are on the
land. Also on the land are some articles of personal property
not owned by the City of San Antonio, among which are furniture,
kitchen equipment, supplies, television sets and a radio.

## 1. The Real Property

Our opinion is that the real property is exempt from
ad valorem taxes.

Section 2 of Article VIII of our Texas Constitution
states in part that

". . . the legislature may, by general
laws, exempt from taxation public pro-
perty used for public purposes; . . .".

Subdivision 4 of Article 7150, Vernon's Texas Civil Statutes,
has effected this authorization by exempting

-458-

"4. All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof, . . .".

Ownership by the City of San Antonio of the property makes the property public property. Its acquisition and continued holding by the City for the purpose of erection thereon of a municipally-owned electric generating plant is ownership and holding by the City for a public purpose even though the property is leased pending consummation of this purpose. The temporary lease to private persons has not changed the purpose for which the City owns and holds it. City of Abilene v. State, 113 S.W.2d 631 (Tex.Civ.App. 1937, error dism.); State v. City of Houston, 140 S.W.2d 277 (Tex.Civ.App. 1940, error ref.); City of Austin v. Sheppard, 144 Tex. 291, 190 S.W.2d 486 (1945).

The City of San Antonio located in Bexar County, Texas, may own real estate in another county which is exempt from ad valorem taxes. City of Dallas v. State, 28 S.W.2d 937 (Tex. Civ.App. 1930, error ref.); City of Abilene v. State, supra; A & M Consolidated School District v. City of Bryan, 143 Tex. 348, 184 S.W.2d 914 (1945). Accord, Article 1108, Vernon's Texas Civil Statutes, and City of New Braunfels v. City of San Antonio, 212 S.W.2d 817 (Tex.Civ.App. 1948, error ref. n.r.e.).

The provisions of Article 7150, Section 4A, Vernon's Texas Civil Statutes, which require a city or town which acquires real property outside of its corporate limits and outside the county in which it is situated which may be used in the generation, manufacturing, selling or distributing of electricity, to make payments in lieu of ad valorem taxes has been declared unconstitutional. Lower Colorado River Authority v. Chemical Bank & Trust Co., 144 Tex. 326, 190 S.W.2d 48 (1945).

If the clubhouse, boat dock and other improvements on the land have in law become attached to the land so as to become a part of the realty, then they also are exempt.

## 2.  The Personal Properties

Personal properties located on the land and not owned by the City of San Antonio are taxable against the owners of the properties (Art. 7145 and 7147, V.C.S., and Art. VIII, Sec. 1, Tex. Const.) unless specifically exempt (Art. 7150, subd. 11, V.C.S., and Art. VIII, Sec. 1, Tex. Const.).

Mr. Alwin E. Pape, Page 3 (No. C-92)

## SUMMARY

Land in Guadalupe County, Texas, purchased and held by the City of San Antonio, Texas, as a site for an electric generating plant is exempt from all ad valorem taxes.

Permanent improvements on the land which in law have become attached to and a part of this land are also exempt from all ad valorem taxes.

Personal properties on the land and not owned by the City of San Antonio are taxable against the owners of the properties unless specially exempt.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: W. E. Allen
Assistant Attorney General

WEA:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
John Reeves
Ernest Fortenberry
Samuel Pharr
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone