

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 1, 1988

Honorable Wilhelmina Delco
Chairman
Committee on Higher Education
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No.  JM-949

Re:  Whether land designated
for  "agricultural use"   is
subject to a five-year roll-
back  provision  when  the
property is  acquired  under
eminent domain (RQ-1426)

Dear Representative Delco:

You inquire about the recapture or "rollback" of  taxes
on land appraised  for property  taxation at  its value  for
agricultural use  if the  property  is acquired  by  eminent
domain.   Your question arises from the possibility that land
designated for  agricultural use  will be  condemned by  the
city of Austin for a new airport site.

Article VIII, section  1-d, of  the Texas  Constitution
was adopted in 1966 to give an individual engaged in farming
near urban areas  some relief from  the increasing  property
tax burden which  resulted from the  increased market  value
of his land.   Texas  Legislative Council,  An  Analysis  of
Proposed Constitutional Amendments:  To be voted on November
8, 1966,  at 7.   If land  designated for  agricultural  use
under that provision  is later  diverted to  another use  or
sold, the  constitution  provides  that the  land  shall  be
subject to  an  additional  tax,  equal  to  the  difference
between taxes payable under the agricultural use designation
and the tax that would  have been payable for the  preceding
three years  if  it had  not  been specially  valued.    Tex.
Const. art. VIII, § 1-d(f); Tax Code § 23.46(c).

You thus wish to know whether the condemnation of  land
designated for agricultural use  according to article  VIII,
section 1-d, will bring about a rollback of the agricultural
use designation and make the individual landowner liable for
the additional taxes.

Article VIII, section 1-d-1  of the Texas  Constitution
authorizes the  legislature to  provide by  general law  for

taxation of open-space land devoted to farm or ranch purposes on the basis of its productive capacity. This provision was adopted in 1978 to supplement article VIII, section 1-d with a less restrictive provision. Texas Legislative Council, 9 Proposed Constitutional Amendments Analyzed: For Election November 7, 1978, at 17. Property owners whose land qualified for taxation under both the earlier agricultural use amendment and a law enacted under the new amendment might choose to have their land valued and taxed according to either provision. Id.

Article VIII, section 1-d-1, of the Texas Constitution provides in part:

> (a) To promote the preservation of open-space land, the legislature shall provide by general law for taxation of open-space land devoted to farm or ranch purposes on the basis of its productive capacity and may provide by general law for taxation of open-space land devoted to timber production on the basis of its productive capacity. The legislature by general law may provide eligibility limitations under this section and may impose sanctions in furtherance of the taxation policy of this section. (Emphasis added.)

Tex. Const. art. VIII, § 1-d-1.

Both sections 1-d and 1-d-1 of article VIII remove certain agricultural property from the constitutional requirement that property be valued for taxation at market value. Tex. Const. art. VIII, § 1; Harlingen I.S.D. v. Dunlap, 146 S.W. 2d 235 (Tex. Civ. App. - San Antonio 1940, writ ref'd). The provisions differ in that section 1-d sets out detailed requirements for implementing the agricultural use designation while section 1-d-1 is a grant of legislative authority and requires legislation to implement its provisions.

Legislation adopted under the authority of article VIII, section 1-d-1, of the Texas Constitution includes a five-year rollback provision which applies "[i]f the use of land that has been appraised as provided by this subchapter changes." Tax. Code § 23.55(a). Your request, therefore, also raises the issue of whether a rollback occurs upon condemnation of land that has been assessed as open-space land under the Tax Code provisions adopted by authority of

article VIII, section 1-d-1, of the Texas Constitution.  See Tax Code ch. 23, subch. D.

The legislature has clearly answered your question as to open-space agricultural land accorded a special valuation under article VIII, section 1-d-1 and the Tax Code provisions which implement that provision.  Such land is subject to a rollback only if the use changes; sale alone does not trigger a rollback.  Section 23.55 of the Tax Code sets out sanctions consisting of additional taxes and interest which are imposed where there is a change of use.  Section 23.55(f) of the Tax Code states as follows:

> The sanctions provided by subsection (a) of this section do not apply if the change of use occurs as a result of a sale for right-of-way or a condemnation.

Thus, with respect to land valued in accordance with article VIII, section 1-d-1 and the corresponding legislation, condemnation will not bring about a recovery of taxes for the taxing jurisdictions in which the land is located.

We also conclude, although for different reasons, that the owner of land designated as agricultural land under article VIII, section 1-d will not be liable for additional taxes when his land is taken in an eminent domain proceeding.  Article VIII, section 1-d states in part:

> If designated land is subsequently diverted to a purpose other than that of agricultural use, or is sold, the land shall be subject to an additional tax. The additional tax shall equal the difference between taxes paid or payable, hereunder, and the amount of tax payable for the preceding three years had the land been otherwise assessed. Until paid, there shall be a lien for additional taxes and interest on land assessed under the provisions of this Section.

Tex. Const. art. VIII, § 1-d(f).  The land becomes subject to the additional tax as of the time of the sale or change in use occurs.  Thus, if designated land is sold to a private individual, the new owner is responsible for paying the taxes.  State Property Tax Board, <u>Rollback Provisions Researched for Interpretation, Application</u>, Statement 4, 7 (April 1981) (Questions & Answers).

If the land had not qualified for special valuation with the corresponding tax relief and possibility of recoupment of taxes, a lien for all taxes would attach to it as of the annual assessment date and the property owner would be personally liable for the taxes under article VIII, section 15, of the Texas Constitution, which provides as follows:

> The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide.

Tex. Const. art. VIII, § 15.

Article VIII, section 1-d removes from this provision the additional tax recovered upon a sale of land designated for agricultural use. That tax is not a personal liability of the individual who sold the land, and, as section 23.46 of the Tax Code shows, the tax lien attaches to the land as of the sale:

> (d) A tax lien attaches to the land on the date the sale or change of use occurs to secure payment of the additional tax and interest imposed . . . and any penalties incurred.

Tax Code § 23.46(d). In answering your question we need not determine whether land designated for agricultural use under article VIII, section 1-d has been "sold" or "diverted to a purpose other than that of agricultural use" when it is taken by a city in an eminent domain proceeding. The individual whose land was condemned will not be responsible for paying the additional taxes. You do not ask, and we do not address, whether a city's action in purchasing or condemning property can cause a lien to attach to it. But see Tex. Const. art. XI, § 9; cf. City of Dallas v. State, 28 S.W. 2d 937 (Tex. Civ. App. - Fort Worth 1930, writ ref'd); Attorney General Opinion V-441 (1947) (liens for state and county taxes which attached to land before city acquired it were not extinguished by acquisition).

We therefore advise you that the owners of lands designated for agricultural use under article VIII, section 1-d, of the Texas Constitution or taxed as open-space land under section 1-d-1 of article VIII are not liable for a rollback or recoupment of taxes in the event the land is taken in an eminent domain proceeding.

### S U M M A R Y

If real property that has been valued for tax purposes under article VIII, section 1-d-1, of the Texas Constitution and chapter 23, subchapter D, of the Tax Code is condemned through eminent domain proceedings, no recapture or rollback of taxes occurs. If real property designated as "agricultural land" under article VIII, section 1-d, of the Texas Constitution and chapter 23, subchapter C, of the Tax Code is sold or condemned, the individual who owned the land is not responsible for paying the additional taxes which arise in the event of a rollback.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General