

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN    AUSTIN 11, TEXAS

JO▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉ATTORNEY GENERAL

Honorable Joe Fultz
County Attorney
Grimes County
Anderson, Texas

Dear Sir:

Opinion No. O-3849
Re: Is Grimes County entitled
to an exemption from the
payment of the State tax
of eight cents per gallon
on the distillate it pur-
chases?

We are in receipt of your letter of August 2, 1941, in
which you request the opinion of this department upon the question
set out therein as follows:

"Grimes County purchases quantities of distillate
for use in its tractors. These tractors are used in
the construction and maintenance of county lateral
roads.

"Is Grimes County entitled to an exemption from
the payment of the State tax of eight cents (8¢) per
gallon on the Distillate it purchases?"

The following portions of Article XVII of House Bill 8,
Acts of the Forty-seventh Legislature, 1941, are pertinent to your
inquiry.

"Section 1. The following words, terms and
phrases shall, for all purposes of this Article, be
defined as follows:

" * * *

"(c)   'Other liquid fuels' shall mean any liquid
petroleum products, or substitute therefor, having a
flash point above one hundred and twelve (112) degrees
Fahrenheit, according to the United States official
closed testing cup method of the United States Bureau
of Mines, including diesel fuel, kerosene, distillate,

condensate, or similar products that may be used as fuel
to generate power for the propulsion of motor vehicles
upon the highways of this State.

" * * *

"(i) 'Person' shall mean and include every individual,
firm, association, joint stock company, syndicate, copart-
nership, corporation (public, private, or municipal), trus-
tee, agency, or receiver.

" * * *

"Section 14. (a) From and after the effective date
of this Article, there shall be and is hereby levied and
imposed an excise tax of four (4) cents per gallon, or
fractional part thereof, on all users of liquefied gases,
and eight (8) cents per gallon, or fractional part there-
of, on all users of other liquid fuels, upon the use of
such liquefied gases and other liquid fuels by any person
within this State only when such liquefied gases and other
liquid fuels are used in an internal combustion engine for
the generation of power to propel motor vehicles upon the
public highways of this State. The said tax shall be com-
puted and paid to the State of Texas through the Comptrol-
ler at the time and in the manner hereinafter provided."
(Underlining ours)

Prior to the enactment of House Bill 8, supra, the Motor
Fuel Tax Law was codified into Vernon's as Article 7065a-1, and
contained the following definition:

"(e) 'Person' shall mean and include every individual,
firm, association, joint stock company, syndicate, co-part-
nership, corporation, trustee, agency or receiver."

The above quoted portion of the Motor Fuel Act was con-
strued by the Supreme Court of Texas in the case of State v. City
of El Paso, 143 S.W. (2d) 366, in an opinion written by Justice
Critz. In that case the court discussed the question of whether
or not the Constitution of Texas prohibits the assessment of a
use tax on motor fuel against a municipal corporation, and stated
as follows:

"A careful examination of our Constitution dis-
closes that the only inhibitions, restrains, or exemp-
tions contained therein with reference to municipal
corporations are found in Section 1 of Article VIII
and Section 9 of Article XI, Vernon's Annotated St.
Const.

"So far as pertinent here, Section 1 of Article VIII of our Constitution provides:  'Section 1. * * * All property in this State, whether owned by natural persons or corporation, other than municipal, shall be taxed in proportion to its value.  * * * It may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal * * *.  It may also tax incomes of both natural persons and corporations other than municipal, * * *.'

"Section 9 of Article XI of our Constitution reads as follows:  'Sec. 9.  The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor.  Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders lien, or other liens now existing.'

"An examination of the above-quoted constitutional provisions discloses that they operate to exempt municipal corporations from only three classes of taxes. These are ad valorem taxes, occupation taxes, and income taxes.  It is too plain to admit of debate that the taxes here sought to be recovered by the State are not ad valorem or income taxes.  We are therefore left to determine only the question as to whether or not they are occupation taxes.  Of course, if they are occupation taxes, the City is exempt under Section 1 of Article VIII of our Constitution, supra.

"* * * It follows that the tax here sued for is manifestly a tax on using motor fuel in the operation of motor vehicles on the public highways of this State. Such tax is an indirect or excise tax.  This being true, the constitutional exemption of municipal corporations from occupation taxes cannot apply."

In requiring the City of El Paso to pay the use tax on the motor fuel it used, the court stated as follows:

" * * * We think the statutory definition of 'Person,' as contained in subdivision (e) of Article 7065a-1, covers all corporations or agencies which actually sell motor fuel in Texas.  This being true, the statute also

covers <u>all corporations or agencies</u> which use motor
fuel when there is absent an actual sale in this State."
(Underlining ours)

Apparently in line with the Supreme Court's construction
the Legislature defined the term "Person" in paragraph (1), Sec-
tion 1 of Article XVII, supra, to include public, private or muni-
cipal corporations.

The Constitution of Texas seems to recognize that a county
is a municipal corporation. Section 3 of Article XI provides as
follows:

"No county, city or <u>other municipal corporation</u>
shall hereafter become a subscriber to the capital of
any private corporation or association, or make any
appropriation or donation to the same, or in anywise
loan its credit; * * *" (Underlining ours)

Article 1572 of the Revised Civil Statutes provides as
follows:

"Each county which now exists or which may be
hereafter established, shall be a body corporate and
politic."

The courts of many states have passed on the question
of whether or not a county is a municipal corporation. Some cases
hold a county to be a municipal corporation, others hold it to
be a public corporation, and still others hold it to be a quasi
public corporation.

The decisions of the courts of this State are not clear
on this point but we believe that the weight of authority is that
construing the above quoted Constitutional provision and statute,
a county is either a public or municipal corporation.

The Supreme Court of Texas in the case of Bexar County
vs. Linden, 220 S.W. 761, in referring to Section 51 of Article
III of the Constitution of Texas stated as follows:

"The giving away of public money, its applica-
tion to other than strictly governmental purposes, is
what the provision is intended to guard against. The
prohibition is a positive and absolute one except as
to a distinctive class to whom the State is under a
sacred obligation. Not only are individuals, associa-
tions of individuals and private corporations within
its spirit, but all kinds of public or political corpo-
rations, as well, whether strictly municipal or not.

It therefore applies to counties, whether considered as public corporations or only quasi corporations. The similar restraints upon the use of public funds and the public credit applied to counties by these other provisions of the Constitution practically demonstrate this to be true."

The San Antonio Court of Civil Appeals in the case of Brite v. Atascosa County, 247 S. W. 878 in an opinion written by Chief Justice Fly stated as follows:

". . . The statute (Article 1365) expressly makes each county a body corporate and politic, and as such it undoubtedly had the power and authority to institute suits and defend against those brought against it. The Constitution of Texas recognizes counties as municipal corporations along with cities and towns. . . ."

The Eastland Court of Civil Appeals in the case of City of Abilene v. State, 113 S. W. (2d) 631, stated as follows:

"Counties, cities, and towns are municipal corporations. Const. Art. 11. They are political subdivisions of the state. Id. Corporation of San Felipe de Austin v. State of Texas. 111 Tex. 108, 229 S.W. 845. * * *"

It is the opinion of this department that the definition of the term "Person" in House Bill 8, supra, includes a county so as to require a county that uses distillate in one of its motor vehicles to pay the tax imposed by Article XVII, Section 14(a) of said House Bill 8.

APPROVED AUG 14, 1941                        Yours very truly

/s/ Robert E. Kepke                          ATTORNEY GENERAL OF TEXAS

ACTING ATTORNEY GENERAL OF TEXAS

APPROVED                    By  /s/ Billy Goldberg
OPINION                         Billy Goldberg
COMMITTEE                        Assistant
BY /s/ G.W.S.
BG:eaw:lm          CHAIRMAN