

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 19, 1951

Hon. Robert S. Calvert            Opinion No. V-1379
Comptroller of Public Accounts
Austin, Texas            Re: Legality of motor fuel tax
                             refunds to subcontractors
                             on highway projects and to
                             counties on lateral road
Dear Mr. Calvert:            projects.

        You request the opinion of this office upon the ques-
tions presented in your letter as follows:

        "We desire the opinion of your office on several
    questions which have been presented in connection with
    the new motor fuel tax refund law as amended by the
    recent Session of the 52nd Legislature, Article 7065b,
    Vernon's Annotated Civil Statutes.

        " . . .

        "Contracts for the construction and maintenance
    of State highways are awarded by projects described
    in the contracts on bids submitted by general or prime
    contractors.

        "The general or prime contractor, who is award-
    ed the contract, usually engages one or more subcon-
    tractors to do a part of the work such as grubbing and
    clearing right of ways, laying the concrete, etc.

        "When the project is completed the general or
    prime contractor is paid for the entire project by a
    warrant drawn on the State Highway Fund to which mo-
    tor fuel tax collections, or a part thereof, are allocated
    by Section 25 of the Act.

        "The general contractor in turn pays the subcon-
    tractors for the part of the work performed and any
    materials furnished by such subcontractors. Some of
    the subcontractors involved have adopted the view that
    since they are paid by the general contractor and not
    directly by warrant drawn on State funds to which mo-
    tor fuel tax collections are allocated, that they are en-
    titled to a refund of tax paid on motor fuel used by them

on such projects and have filed claims for such tax re-
funds.

"Will you please advise whether the Comptroller
can legally issue warrants to pay refund claims to sub-
contractors under the conditions described above?

"The next questions concern tax refund claims
filed in behalf of counties which use a part of the mo-
tor fuel tax collections allocated to them for the con-
struction or improvement of lateral county roads and
related purposes.

"Section 25 of the Act, above cited, provides that
one-fourth (1/4) of the taxes collected after deductions
for the enforcement of the Act and the payment of re-
funds, shall be allocated and deposited to the credit of
the County and Road District Highway Fund a part of
which fund is allocated to each county in the State to
be used by said counties under the provisions of Sec-
tion 6(b), Chapter 324, Regular Session of the 48th Leg-
islature, as amended by Section 1, Chapter 319, Regu-
lar Session of the 50th Legislature. The latter Acts
provide that the counties may use a part of the fund al-
located to them for (a) the acquisition of right of ways
for county lateral roads and for the payment of legal
obligations incurred therefor prior to January 2, 1939;
(b) for the construction or improvement of county lat-
eral roads; (c) for the purpose of supplementing funds
appropriated by the United States Government for Works
Progress Administration highway construction, Public
Works Administration highway construction, and such
other grants of Federal funds as may be made available
to the counties of this State for county lateral road con-
struction; and (d) for the purpose of cooperating with
the State Highway Department and the Federal Govern-
ment in the construction of farm-to-market roads.

"Several of the counties which have used a part
of the funds allocated to them by Section 25, in the con-
struction and improvement of county lateral roads have
filed claim for refund of the tax paid on motor fuel used
off the highway in such work. The District Attorney in
one county has raised a question as to whether the word
'person' used in Section 13 (b), above quoted, would in-
clude a county, as the term 'person' is defined in Sec-
tion 1 (j) of the Act.

"Will you please advise whether the Comptroller can legally approve the payment of tax refund claims filed by counties on motor fuel which has been used in the construction or maintenance of lateral or county roads and highways?

"If you answer the above question affirmatively, will the work performed in the acquisition of a right of way be construed as a part of the construction or maintenance work on such roads or highways?"

You state that the work involved is construction and maintenance of highways in this State and that the same is paid for from motor fuel taxes allocated to the State Highway Department and counties by the provisions of House Bill 285, Acts 52nd Leg., R.S. 1951, ch. 402, p. 695. Section 4(b) of SECTION XXII of House Bill 285 reads in part as follows:

"(b) Any person, (except as hereinafter provided) who shall use motor fuel for the purpose of operating or propelling any stationary gasoline engine, motor boat, aircraft, or tractor used for agricultural purposes, or for any other purpose except in a motor vehicle operated or intended to be operated upon the public highway of this State, and who shall have paid the tax imposed upon said motor fuel by this Article, either directly or indirectly, shall, when such person has fully complied with all provisions of this Article and the rules and regulations promulgated by the Comptroller, be entitled to reimbursement of the tax paid by him less one per cent (1%) allowed distributors for collecting and remitting the tax and complying with other provisions of the law. Provided, however, no tax refund shall be paid to any person on motor fuel used in any construction or maintenance work which is paid for from any State funds to which motor fuel tax collections are allocated or which is paid jointly from any such State funds and Federal funds, . . ." (Emphasis added.)

Section 1(j) of SECTION XXII of House Bill 285 provides as follows:

"(j) 'Person' shall mean and include every individual, firm, association, joint stock company, syndicate, co-partnership, corporation (public, private or municipal), trustee, agency, or receiver."

For the purpose of this opinion we assume that the purchase, sale, and use of the motor fuel meets the requirements of

the statute for a refund, unless it falls under the exception provided in the part of the statute last quoted above which we have underscored. This part of the statute constitutes an exception which forbids a refund of motor fuel tax to the purchasers of motor fuel coming within its terms. That subcontractors employed by prime contractors to perform all or part of the work of construction and maintenance on the highways of this State are paid by the prime contractors is not, in our view, the crucial test in determining the eligibility of subcontractors for a refund of motor fuel tax in connection with the motor fuel purchased and used in such construction.

The real test is that the highway construction and maintenance work is performed and paid for from motor fuel taxes allocated to the Highway Department or the counties in connection with highway work. The incidental fact that the prime contractor engages and pays the subcontractor who performs a certain portion of the work is not material. That the subcontractor uses the motor fuel in construction and maintenance work on the highways must be conceded. We think that portion of the exception which reads, "... which is paid for from any State funds to which motor fuel tax collections are allocated . . ." does not have the effect of excluding from the exception the subcontractors simply because they are paid by the prime contractor. It is sufficient to bring them within the exception that they perform construction and maintenance work which is paid for from allocated funds. The work is actually done as a part of the work which the prime contractor under his contract with the Highway Department obligates himself to perform and which is paid for from allocated funds.

Turning next to the question of whether or not the tax paid by counties may be refunded under the facts disclosed by your request, we should first determine whether or not a county is a "person" under the statutory definition. We think clearly it is, for Section 1 of Article XI of the Constitution of this State says: "The several counties of this State are hereby recognized as legal subdivisions of the State." And Section 3 of the same Article reads in part: "No county, city, or other municipal corporation shall hereafter become a subscriber to the capital stock of any private corporation. . . ." It is therefore quite apparent that the Constitution recognizes counties as municipal corporations, and, as we have observed, municipal corporations are included in the statutory definition of "person." City of Abilene v State, 113 S.W.2d 631 (Tex. Civ. App. 1937, error ref.)

You point out in your request that the construction and maintenance work performed by the counties in building farm-to-market and lateral roads is paid for from a portion of the motor fuel tax allocated under House Bill 285, supra. Under these circumstances counties performing such construction and maintenance

work upon highways, which work is paid for from allocated funds, fall within the exception to the statute.

We think it was the intention of the Legislature to forbid the refund of any motor fuel tax in connection with highway construction which is paid for from allocated motor fuel taxes. You are therefore respectfully advised that neither subcontractors nor counties, under the facts submitted by you, are entitled to any refund of motor fuel taxes paid by them.

In view of our negative answer to your question in regard to counties, it is unnecessary to answer your question as to work performed in the acquisition of right of way.

## SUMMARY

Subcontractors performing work in the construction and maintenance of state highways may not be refunded the tax upon motor fuel purchased and used in connection with such construction work for the reason that the statute forbids a refund of motor fuel taxes for such work when paid for from motor fuel taxes allocated to the Highway Department, under the terms of House Bill 285, Acts 52nd Leg., R.S. 1951, ch. 402, p. 695.

The tax on motor fuel purchased and used by counties in construction and maintenance work on highways paid for from allocated motor fuel taxes under House Bill 285, supra, may not be refunded.

Yours very truly,

PRICE DANIEL
Attorney General

By L. P. Lollar
Assistant

APPROVED:

W. V. Geppert
Taxation Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

LPL/mwb