

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 21, 1965

Dr. J. E. Peavy
Commissioner of Health
Texas State Department of Health
Austin, Texas

Opinion No. C-574

Re: Whether House Bill 224,
Acts of the 57th Legislature,
1961, codified as Article
1269L-2, Vernon's Civil
Statutes, is sufficient to
authorize and empower the
Department of Health to
assist a county or counties
in their planning efforts

Dear Dr. Peavy:                    and related question.

        Both your original and supplemental request for an
opinion on the above subject matter ask substantially the follow-
ing questions:

        1.  Whether House Bill 224, Acts of the
57th Legislature, 1961, codified as Article
1269L-2, Vernon's Civil Statutes, is sufficient
to authorize and empower the Department of
Health to assist a county or counties in their
planning efforts; and

        2.  Whether a county or counties have the
authority and power to create or perform plan-
ning functions in relationship with the Depart-
ment of Health.

        You refer in your original request to Article 1269L-2,
Vernon's Civil Statutes, which states, in part, as follows:

-2774-

"The Texas State Department of Health is hereby authorized, <u>upon the request of the governing body of any political subdivision or the authorized agency of any group of political subdivisions</u>: (a) to arrange planning assistance . . ." (Emphasis added)

Section 1, Article XI, of the Constitution of Texas states:

"The several counties of this State are hereby recognized as legal subdivisions of the State."

In addition, the courts of the State have expressly held that counties are political subdivisions of the State. <u>Galveston v. Posnainsky</u>, 62 Tex. 118 (1884); <u>Hamilton County v. Garrett</u>, 62 Tex. 602 (1884); <u>Limestone County v. Robbins</u>, 120 Tex. 341, 38 S.W.2d 580 (1931); <u>Childress County v. State</u>, 127 Tex. 343, 92 S.W.2d 1011 (1936); <u>Abilene v. State</u>, 113 S.W.2d 631 (Tex.Civ.App. 1936, error dism.)

Therefore, in answer to question No. 1, the article cited specifically authorizes the Department of Health, upon request, to enter into an agreement with a political subdivision or the authorized agency of any group of political subdivisions to aid and to arrange planning assistance with such requesting political subdivision.

In answer to question No. 2, Article 1269L-2, Vernon's Civil Statutes, by the use of the terms "political subdivision" in the singular sense and "any group of political subdivisions" in the plural sense, contemplates both planning by an individual county and planning by two or more counties. As stated above, a county is a political subdivision. Two or more counties is a group of political subdivisions.

In light of the language of the statute, it is our opinion that a county or counties have the authority and power to perform planning functions in relationship with the Department of Health.

Dr. J. E. Peavy, page 3 (C-574)

## SUMMARY

The Department of Health is authorized and empowered upon request of the governing body of any political subdivision or the authorized agency of any group of political subdivisions to arrange planning assistance; counties of this state individually or an authorized agency of a group of counties may perform planning functions in relationship with the Department of Health.

Yours very truly,

WAGGONER CARR
Attorney General

By: J. Phillip Crawford
Assistant

JPC:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Pat Bailey
Bob Flowers
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright