

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 29, 1974

The Honorable Howard Freemyer
County Attorney
Kent County
Jayton, Texas 79528

Opinion No. H- 462

Re: Whether county owes
taxes on property located
in another county.

Dear Mr. Freemyer:

You state that Kent County owns approximately three sections of land in Hudspeth County for which it has received no rent or lease money. The Kent County Commissioners Court has declared that the land is used for a public purpose. You wish to know "[w]hether or not a county owes County-State and school taxes on property in another county."

The Constitution of Texas, in article 11, section 9 provides:

> The property of counties, cities and towns,
> owned and held only for public purposes, such
> as public buildings and the sites therefor, fire
> engines and the furniture thereof, and all property
> used, or intended for extinguishing fires, public
> grounds and all other property devoted exclusively
> to the use and benefit of the public shall be exempt
> from forced sale and from taxation, provided,
> nothing herein shall prevent the enforcement of the
> vendors lien, the mechanics or builders lien, or
> other liens now existing.

Again, in article 8, section 2(a), it is provided, in part:

> All occupation taxes shall be equal and uniform
> upon the same class of subjects within the limits

p. 2118

of the authority levying the tax; but the legislature
may, by general laws, exempt from taxation public
property used for public purposes; . . . .

Pursuant to this provision, the Legislature has included as one
of the exemptions expressed in article 7150, V. T. C. S., the following:

All property, whether real or personal, belong-
ing exclusively to this State, or any political subdivi-
sion thereof, or the United States, . . . .    Sec. 4

It has been suggested that the exemption declared in article 7150
exceeds the power of the Legislature. City of Abilene v. State, 113 S. W. 2d
631 (Tex. Civ. App. --Eastland 1937, writ dism). The most authoritative
discussion of what property is devoted to public purposes and is therefore
exempt may be found in A. & M. Consolidated Independent School District v.
City of Bryan, 184 S. W. 2d 914 (Tex. Sup. 1945).

However, you neither asked nor have you given us sufficient facts
to determine whether the property would be exempt from taxation if
located in Kent County. Your question assumes that it would be exempt
and asks whether the exemption is affected by the location of the property
in Hudspeth County.

There is ample authority that an exemption of the property of a
political subdivision is not defeated because the property is located out-
side the geographic limits of the subdivision. See e.g., A. & M. Consoli-
dated I. S. D. v. City of Bryan, supra (city owned electric lines located
outside city and within school district); City of Abilene v. State, supra
(property purchased by city for use as reservoir outside its limits); City
of Dallas v. State, 28 S. W. 2d 937 (Tex. Civ. App. --Fort Worth, 1930,
writ ref'd) (city owned reservoir site located outside county).

It is our opinion, therefore, that county owned property which is
tax exempt under article 9, section 11 of the Constitution of Texas or
under a statute adopted pursuant to article 8, section 2 of the Constitu-
tion, does not lose its exemption because such property is located in another
county.

## SUMMARY

The fact that county owned property may be located in another county does not affect its tax exempt status if, in fact, it would otherwise be tax exempt.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg