

# The Attorney General of Texas

November 26, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl S. Smith, Chairman
Board of Tax Assessor Examiners
P. O. Box 13246
Austin, Texas 78711

Opinion No. MW-88

Re:  Registration of assessors with the Tax Assessor Examiners Board.

Dear Chairman Smith:

You have asked whether the parties required to register with the Board of Tax Assessor Examiners under article 7244b, V.T.C.S., include assessors and their staffs of central appraisal districts created by the Property Tax Code enacted as Senate Bill 621. Acts 1979, 66th Leg., ch. 841, at 2223. You wish to know whether these persons are required to register both before and after the time when these districts become fully implemented on January 1, 1982.

Article 7244b, V.T.C.S., was enacted by the 65th Legislature in 1977, and defines "Assessor" at section 2(1) as "a person who assesses property or otherwise determines, recommends, or certifies the value of property <u>for ad valorem tax purposes for a political subdivision of this state.</u>" (Emphasis added).

Sections 6.01 through 6.08 of the Code establish an appraisal district in each county with the responsibility of appraising property in the district for various taxing units. Sec. 6.01(b). The taxing units, which include incorporated cities, school districts, special districts and other political units, are political subdivisions. <u>See</u> Property Tax Code § 1.04(12); <u>Hodge v. Lower Colorado River Authority</u>, 163 S.W.2d 855 (Tex. Civ. App. — Austin 1942, writ dism'd by agr.); <u>City of Abilene v. State</u>, 113 S.W.2d 631 (Tex. Civ. App. — Eastland 1937, writ dism'd); <u>King's Estate v. School Trustees of Willacy County</u>, 33 S.W.2d 783 (Tex. Civ. App. — San Antonio 1930, writ ref'd). The appraisal districts may appoint a chief appraiser, who in turn may employ other persons and delegate his authority to them. The appraiser and his employees will thus carry out the district's responsibility for appraising property for the political subdivisions it serves.

In our opinion, the employees of central appraisal districts are assessors as that term is defined by article 7244b, V.T.C.S. Section 11 of article 7244b provides:

> The following persons shall register with the board:
> (1) all persons elected or appointed to act as assessors for a county, independent school district, city, municipal water district, navigation district, or other political subdivision requiring the services of a tax assessor;
> (2) all supervisors of assessing, including chief deputy assessor-collectors, assistant assessor-collectors, assessing supervisors, or any person with authority to render judgment, recommend, or certify assessed values to a board of equalization; and
> (3) all persons engaged in appraisals of real estate or personal property for ad valorem tax purposes for a taxing authority.

Thus, the assessors of central appraisal districts and their employees who assess and appraise property for ad valorem taxation purposes are required to register with the Board of Tax Assessor Examiners created pursuant to article 7244b, V.T.C.S. The registration of these persons fulfills the legislative purpose underlying article 7244b, which was to:

> . . . assure the people of Texas that the responsibility of assessing property for taxation is entrusted only to those persons duly registered and competent according to the regulations provided by this Act. The legislature further intends that the assessing of property for taxation be practiced and regulated as a learned profession and that the practitioners in this state be accountable to the public.

V.T.C.S. art. 7244b, § 1; see also Attorney General Opinion H-1120 (1978).

You also wish to know whether the assessors and other employees must register with the board before the district becomes fully implemented on January 1, 1982. See Senate Bill 621, § 3, Acts 1979, 66th Leg., ch. 841, at 2313 (effective dates). If any person employed by an appraisal district acts as an assessor or engages in appraisals for a taxing authority prior to that date, he must be registered with the board. Before January 1, 1982, the appraisal district may contract to perform appraisal services for any taxing unit within the district. Senate Bill 621, § 3(c)(5). Persons who carry out duties under such contracts must be registered with the board.

### SUMMARY

> The chief appraiser and other employees of an appraisal district who assess and appraise property for ad valorem tax purposes are required to register with the Board of Tax Assessor Examiners whether or not the district has become fully implemented.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood