

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

~01 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

March 31, 1986

Honorable Ann Postma Musgrove
Childress County Attorney
Courthouse
Childress, Texas    79201

Opinion No. JM-464

Re:  Whether the city of Childress is exempt from taxes under section 11.11 of the Tax Code, on city-owned airport land leased to individuals

Dear Ms. Musgrove:

You ask whether real property owned by a city but leased to private individuals is exempt from ad valorem taxation which the county and a hospital district seek to impose. You inform us that the property includes an airport operated by the city in which some of the airport facilities are leased to an individual who sells fuel to airplane operators. The lessee operates the facility as a commercial enterprise but subject to the direction and control of the city as specified in the lease agreement. Also, the federal government operates a weather station and directs flight control at the airport. The land surrounding the airport is leased by the city to private individuals and corporations that use the land for commercial purposes, including farming and ranching. The city receives remuneration from the individuals in the form of rental payments which are devoted exclusively, you assert, to the use and benefit of the public, specifically including the upkeep of the airport.

We understand you to ask whether the city is exempt from ad valorem taxes on the airport operation, on the airport facilities which are leased to an individual who sells fuel to airplane operators, and on the land surrounding the airport which is leased for private commercial purposes. We do not understand you to ask whether the lessees will be subject to taxation on their leaseholds. We first address the airport facilities question and will then address taxation of the surrounding land.

Article VIII, section 1, of the Texas Constitution provides the following in pertinent part:

> Taxation shall be equal and uniform. All real property and tangible personal property in this [s]tate, whether owned by natural persons or corporations, other than municipal, shall be taxed in

proportion to its value, which shall be ascertained as may be provided by law.

Article VIII, section 2, of the Texas Constitution, provides the following in pertinent part:

[T]he legislature may, by general laws, exempt from taxation public property used for public purposes. . . . (Emphasis added).

Article XI, section 9, of the Texas Constitution provides the following in pertinent part:

The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor . . . and all other property devoted exclusively to the use and benefit of the public shall be exempt from . . . taxation. . . . (Emphasis added).

Section 11.11 of the Tax Code sets forth the following:

§11.11.  Public Property

(a)  Except as provided by Subsections (b) and (c) of this section [which are not here apposite], property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes. (Emphasis added).

Property of a political subdivision which would otherwise qualify for exemption from ad valorem taxation under one of the foregoing constitutional provisions will not lose its tax-exempt status merely because a charge is made for use of the property or a profit is generated thereby, provided that charges are incident to its use by the public and the proceeds inure to the benefit of the political subdivision.  Lower Colorado River Authority v. Chemical Bank and Trust Company, 190 S.W.2d 48, 50 (Tex. 1945); A & M Consolidated Independent School District v. City of Bryan, 184 S.W.2d 914, 915-16 (Tex. 1945).  See also City of Beaumont v. Fertitta, 415 S.W.2d 902, 915 (Tex. 1967) (Walker, J., dissenting); Galveston Wharf Company v. City of Galveston, 63 Tex. 14, 23 (1884).  Cf. City of Dallas v. Smith, 107 S.W.2d 872, 878 (Tex. 1937); Santa Rosa Infirmary v. City of San Antonio, 259 S.W. 926, 931 (Tex. Comm'n App. 1924, judgmt adopted); City of Palestine v. Missouri-Pacific Lines Hospital Association, 99 S.W.2d 311, 314 (Tex. Civ. App. - Amarillo 1936, writ ref'd) (cases involved not political subdivisions, but rather institutions of purely public charity).  The fact that the city receives compensation for the lease of its property will not deprive

the city of its tax-exempt status on the property if it would otherwise be tax-exempt.

But this discussion, of course, does not end our inquiry. The Texas Supreme Court has consistently reaffirmed the principle that, in order for public property to be exempt from ad valorem taxation, it must be held only for public purposes and devoted exclusively to the use and benefit of the public. Satterlee v. Gulf Coast Waste Disposal Authority, 576 S.W.2d 773, 778 (Tex. 1978); Leander Independent School District v. Cedar Park Water Supply Corporation, 479 S.W.2d 908, 912 (Tex. 1972); Daugherty v. Thompson, 9 S.W. 99, 102 (Tex. 1888). The test for determining whether public property is tax exempt is whether it is used for the health, comfort, and welfare of the public. It is not essential that it be used for "governmental" purposes. Lower Colorado River Authority v. Chemical Bank and Trust Company, supra; Corporation of San Felipe de Austin v. State, 229 S.W. 845, 847 (Tex. 1921). It is sufficient that it be used for "proprietary" purposes. A & M Consolidated Independent School District v. City of Bryan, supra. It is immaterial whether only residents of the district are benefitted or whether others benefit as well; the fact that property is owned by the public and is used for the health, comfort, and welfare of the public of some portion of the state is sufficient to entitle such property to tax-exempt status. State v. Houston Lighting & Power Co., 609 S.W.2d 263, 270 (Tex. Civ. App. - Corpus Christi 1980, writ ref'd n.r.e.). See also Attorney General Opinions MW-430 (1982); MW-391 (1981).

We have no difficulty in stating as a matter of law that the city's airport and airport facilities, including those leased to a private individual, are impressed with a public purpose sufficient to meet Texas constitutional and statutory tests regarding ad valorem taxes. The Texas Legislature has specifically authorized all cities and towns, including home rule cities, to build and purchase airports and to mortgage or otherwise encumber airports, as well as the land on which they are situated. See V.T.C.S. art. 1015c; see also V.T.C.S. arts. 1269h; 1269j; 46d-1 et seq. ("Municipal Airports Act"). Article 46d-16, V.T.C.S., specifically provides in relevant part:

> Any property in this [s]tate acquired by a munici-
> pality for airport purposes pursuant to the pro-
> visions of this [a]ct [articles 46d-1 to 46d-22],
> and any income derived by such municipality from
> the ownership, operation or control thereof, shall
> be exempt from taxation to the same extent as
> other property used for public purposes.

In fact, municipal airports constructed with public funds have been said to differ in no material element from other public facilities, such as a public auditorium or a municipal hospital. Hayden v. City

of Houston, 305 S.W.2d 798, 802 (Tex. Civ. App. - Fort Worth 1957, writ ref'd n.r.e.).

We now turn to the issue of taxation of the surrounding land. In City of Abilene v. State, 113 S.W.2d 631 (Tex. Civ. App. - Eastland 1937, writ dism'd), real property was acquired by the city for the purpose of constructing a reservior. After the purchase of the property but before the construction of the reservoir, the city leased the land to private persons who used the land for agricultural purposes. The court framed the question to be answered in the following way:

> When a city becomes the owner of land acquired for a public purpose and there is delay in the actual use of it for such purpose, will the temporary renting of the land and the use thereof by tenants for agricultural purposes, in the absence of an abandonment of such public purpose, place such property beyond the power of the Legislature to provide for its exemption from taxation until such time as the property be actually used for such public purpose? (Emphasis added).

113 S.W.2d at 633. The court assumed that the leasing of such lands for a purpose unrelated to the operation of the municipality did not constitute a public purpose. It relied upon the fact that there had been no abandonment of the public purpose for which the property was purchased by the city in the first place and concluded that, in spite of the fact that there was no actual public use of the property then involved, "public use" did not require continuous, uninterrupted, or unremittent use.

> It is, therefore, our view that when the facts of a given case establish the ownership of property by a municipal corporation, which has been acquired for an authorized public purpose, and the purpose for which it is owned and held has not been abandoned, such property is to be regarded as used for public purposes, and the Legislature has the power to provide by general law for its exemption from taxation.

113 S.W.2d at 635.

In City of Beaumont v. Fertitta, 415 S.W.2d 902, 912 (Tex. 1967), however, the court expressly disapproved the holding in City of Abilene. The continuing validity of Fertitta is itself doubtful, due in no small measure to the novel legal analysis employed in the majority opinion. See Leander Independent School District v. Cedar Park Water Supply Corporation, 479 S.W.2d 908, 911-912 (Tex. 1972);

Attorney General Opinion MW-430 (1982).  That notwithstanding, it is clear that the court in both <u>Fertitta</u> and <u>Leander</u> construed the Texas Constitution to require actual, exclusive use for a public purpose in order to qualify for exemption from ad valorem taxes.  See, e.g., <u>State v. Houston Lighting & Power Company</u>, 609 S.W.2d 263, 266 (Tex. Civ. App. - Corpus Christi 1980, writ ref'd n.r.e.).

In order for property to be exempt from ad valorem taxation, such property must be exempt under both the applicable Texas statutory provisions and the Texas Constitution as well.  Normally, such a determination involves resolutions of factual matters upon which this office is not empowered to rule.  However, in light of the express disapproval of the <u>City of Abilene</u> case by the supreme court and the requirement of actual, exclusive use for a public purpose in order for public property to be held tax-exempt, we conclude as a matter of law that, in the instance you describe, the city is not exempt from ad valorem taxation on the city-owned land surrounding the airport which is leased for commercial and agricultural purposes.

## S U M M A R Y

In the fact situation herein described, the city is not exempt from ad valorem taxation on the city-owned land surrounding the airport which is leased for commercial and agricultural purposes.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General